1  HUESTON HENNIGAN LLP
   John C. Hueston (164921)
2  jhueston@hueston.com
   Allison L. Libeu (244487)
3  alibeu@hueston.com
   Jennifer Bunn (281590)
4  jbunn@hueston.com
   620 Newport Center Drive, Suite 1300
5  Newport Beach, California 92660
   Telephone:   (949) 229-8640
6  Facsimile:    (888) 775-0898

7  MILBANK, TWEED, HADLEY &
   MCCLOY LLP
8  Mark Shinderman (136644)
   mshinderman@milbank.com
9  Alan J. Stone (*pro hac vice*)
   astone@milbank.com
10 Samir L. Vora (253772)
   svora@milbank.com
11 601 South Figueroa Street, 30th Floor
   Los Angeles, California 90017
12 Telephone:   (213) 892-4000
   Facsimile:    (213) 629-5063

13
   Attorneys for Defendant and
14 Counter-Plaintiffs

15            UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA,

17                    WESTERN DIVISION

| | |
|---|---|
| 18  D. STEPHEN SORENSEN, an individual, | Case No. 2:15-cv-01088 RGK (PJWx) |
| 19 | |
| 20          Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 21     vs. | **[DISCOVERY DOCUMENT:** |
| 22  NEW KOOSHAREM CORPORATION, a Delaware Corporation; and ANCHORAGE | **REFERRED TO THE HONORABLE PATRICK J. WALSH, MAGISTRATE JUDGE]** |
| 23  CAPITAL GROUP, LLC, a New York limited liability company, | |
| 24 | |
| 25          Defendants. | |

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEW KOOSHAREM
CORPORATION, a Delaware
corporation; and KOOSHAREM, LLC,
a limited liability company,

        Counter-Plaintiffs,

    vs.

D. STEPHEN SORENSEN, an
individual,

        Counter-Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

540750.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

540750.1

It is stipulated and agreed by and between counsel for Plaintiff and Counter-Defendant D. Stephen Sorensen, Defendant and Counter-Plaintiff New Koosharem Corporation, Counter-Plaintiff Koosharem, LLC, and Defendant Anchorage Capital Group LLC (collectively, the "parties") that the terms and conditions of this Stipulated Protective Order ("Order") shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged by the parties in this action.   Disclosure and discovery activity in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or resolving this litigation is warranted.   The parties acknowledge that this Order does not confer blanket protections on all disclosures, productions, or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The parties further acknowledge that this Order creates no entitlement to file confidential information under seal; Local Rule 79-5.1 and the local rules of the United States District and Magistrate Judges set forth the standards to be followed when a party seeks to file material under seal.

IT IS STIPULATED AND AGREED as follows:

1.     This Order shall govern all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to discovery in this litigation ("Discovery Materials").

2.     Any party to this litigation shall have the right to designate Discovery Materials as "CONFIDENTIAL" pursuant to the terms of this Order.  Discovery Materials designated "CONFIDENTIAL" will be referred to as "Designated

Materials." Any third party producing documents pursuant to a subpoena or otherwise may designate Discovery Materials pursuant to this Order.

(a) All designations must be made in good faith and on reasonable belief that the information or item being designated accurately meets the definition of "CONFIDENTIAL."

(b) A party or non-party that designates Discovery Materials as "CONFIDENTIAL" ("Designating Party") must designate for protection, where practicable, only those parts of the material, documents, items, or communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(c) Except as otherwise provided in this Order, e.g., with respect to deposition testimony as provided in Section 10(b) below, or as otherwise stipulated or ordered, disclosure of Discovery Materials that qualify for protection under this Order must be clearly so designated before being disclosed or produced.

(d) Materials marked "CONFIDENTIAL" shall be non-public Discovery Materials that the "Designating Party" in good faith believes qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, including, but not limited to, trade secrets or other confidential research, development, financial, or commercial information that will, if disclosed, have the effect of causing harm to the Designating Party's competitive position and that the law permits to be so designated (e.g., documents shall not be marked "CONFIDENTIAL" or treated as Designated Materials simply because a party would prefer to keep them from public view; rather, they must meet applicable legal principles.

3. The party that receives any Discovery Materials, regardless of whether they are Designated Materials or not, shall use the Discovery Materials solely for purposes of this litigation between the parties and not for any other purpose

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 2:15–cv–01088 RGK (PJWx)
540750.1

whatsoever (including that such materials may not be disseminated to the media or general public).

4.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a party that receives Discovery Materials ("Receiving Party") may disclose materials marked "CONFIDENTIAL" only to:

(a)  any individual who is a party, or any officer, director, or employee (including in-house counsel) of a party;

(b)  the Receiving Party's outside counsel, and employees of and independent contractors for outside counsel that are engaged in work for such counsel related to this litigation.   The term "outside counsel" shall mean the attorneys and their firms who have entered an appearance in this case;

(c)  persons retained by a party or its counsel to serve as an expert witness or a consultant in this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit 1) before being provided the Designated Materials;

(d)  witnesses in the course of deposition, and any person being prepared to testify in this action; persons to whom Designated Materials are disclosed pursuant to this subparagraph shall not be permitted to retain copies of the Designated Materials;

(e)  any authorized representative of an insurer or other person providing or potentially providing indemnity with regard to the litigation, provided that any such person shall be advised that they are subject to the terms of this Order before being provided Designated Materials;

(f)  the author or recipient of the Designated Materials or a custodian or other person who otherwise possessed or knew the information contained or reflected in the Designated Materials;

540750.1

    (g) court reporters and their staff, persons preparing transcripts of depositions, professional trial consultants, and professional vendors engaged in connection with this action;

    (h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions in connection with this action; and

    (i) the District Court and its personnel.

  5. Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Order, or otherwise required by law.  Copies of Designated Materials shall be made only to facilitate permitted use under this Order.

  6. The recipient of Designated Materials provided under this Order shall maintain such information in a secure and safe area (which, in the case of law firms, may include in attorney offices and file rooms or cabinets and on law firm databases) and shall exercise the same standard of due and proper care with respect to the storage, custody, use and dissemination of such information as is exercised by the recipient with respect to its own proprietary information.   Designated Materials shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summary or abstraction is for purposes related to this lawsuit. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Order, and such copies and reproductions shall be labeled in the same manner as the Designated Materials on which they are based.

  7. In the event a party deems it necessary or appropriate to disclose any Designated Materials to any person not specified in Paragraph 4, that party shall, where legally permissible, notify counsel for the Designating Party in writing of: (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made.   The proposed disclosure shall not be made

540750.1

absent written permission of the Designating Party, unless the party wishing to make the proposed disclosure obtains an order from the Court or is presented with such a court order from a third party permitting the proposed disclosure.   Counsel shall obtain from all persons to whom disclosures are made pursuant to this Paragraph 7 written acknowledgement, substantially in the form of Exhibit 1 attached hereto, that such person or persons have reviewed a copy of this Order, will comply with its terms in all respects, and agrees to adjudication by the above-entitled Court as may be necessary, of any dispute about whether such person or persons have complied with the terms of this Order, except in the case of compliance with a court order or other lawful court process that makes no provision for any such acknowledgment.

8.      A party or non-party that produces Discovery Materials in this action will be referred to as the "Producing Party."  The inadvertent production or disclosure of Discovery Materials or any other information (including documents) in this action that a Producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection.  A party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.  If a Receiving Party believes that it has received information that may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

9.      When a Producing Party or other claimed holder of a privilege identifies such privileged or protected information, the obligations of a Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  A Receiving Party may thereafter present the information to the Court under seal for a determination of the claim at any time that is consistent with the Court's Scheduling Order.  The Producing Party and the Receiving Party shall meet and confer in accordance with

- 8 -

applicable law or Court rules regarding any such motion.   No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived.  Nothing in this Order shall be construed as affecting who shall have the burden of establishing that the information is privileged or protected from disclosure.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

10.    The Designating Party shall designate Discovery Materials "CONFIDENTIAL" as follows:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), designation shall be made by placing the legend "CONFIDENTIAL" on each page that contains protected material prior to production;  if only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins);

(b)    for testimony given in deposition, designation of the portion of the transcript (including exhibits) as "CONFIDENTIAL" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the Designating Party.   If a portion of a deposition is designated as "CONFIDENTIAL" before the deposition is transcribed, the transcript containing or reflecting protected materials shall be bound in a separate volume marked "CONFIDENTIAL" or as appropriate.     If a portion of a deposition is designated as "CONFIDENTIAL" after the deposition is transcribed, counsel shall list on a separate piece of paper the page numbers of the transcript containing protected material and shall mail copies of the list to counsel for all parties within thirty (30) days after receipt of the certified transcript from the court reporter so that it may be affixed to the face of the transcript and each copy thereof.

[PROPOSED] STIPULATED
PROTECTIVE ORDER
Case No. 2:15–cv–01088 RGK (PJWx)

540750.1

Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL"; and

(c)     for information produced in non-paper media (e.g., videotape, audiotape, and computer disk), designation shall be made by affixing in a prominent place on the exterior of the container or containers in which in the information or item is stored the legend "CONFIDENTIAL."   In the event a Receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL" and the hard copy, transcription, or printout shall be treated as treated as "CONFIDENTIAL" confidential under this Order.

11.     For any filings made in the District Court, the parties shall only publicly file versions of sealed filings permitted by the Court that redact any portions of those filings that contain or reflect Designated Materials.   Until the Court has ruled on a motion to seal, no materials containing Designated Materials proposed to be filed with the Court under seal shall be disclosed to any person except for those who may view such materials as provided in this Order.  If the Court grants the motion to file under seal, the documents shall remain under seal and shall not be disclosed except as provided in this Order or other Order of the Court.  A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

12.     An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such information or items.   If the information or items is appropriately designated as "CONFIDENTIAL" after it was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the Designated Materials are treated in accordance with the provisions of this Order.

13.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and failure to do so shall not

preclude a subsequent challenge thereto during the pendency of this litigation.   In the event that any party to this litigation disagrees at any stage of these proceedings with such designation ("Challenging Party"), such party shall provide to the Designating Party written notice of its disagreement with the designation.   The parties shall first try to dispose of such dispute in good faith on an informal basis under Local Rule 37-1.   If the dispute cannot be resolved, the Challenging Party may file a motion requesting that the Court determine whether the disputed material shall be treated as "CONFIDENTIAL" under the Order and the parties shall include a written stipulation regarding the dispute under Local Rule 37-2.   The Designating Party shall have the burden of proving that the information or item has been properly designated as "CONFIDENTIAL."   Discovery Material designated as Designated Materials shall retain this status until such time as either:  (a) the parties expressly agree otherwise in writing, or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

14.     If Designated Materials are disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must promptly bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the parties, make reasonable efforts to prevent further disclosure by it or by the person who was the recipient of such information.

15.     Except in instances in which disclosure of the fact or contents of a subpoena is legally prohibited, in the event any Receiving Party having possession, custody, or control of any Designated Materials provided by the Designating Party receives a subpoena or other process or order to produce in another legal proceeding the Designated Materials, such Receiving Party shall promptly notify counsel for the Designating Party of the subpoena or other process or order, and furnish counsel for the Designating Party with a copy of said subpoena or other process or order.  The Designating Party shall have the burden of defending against such subpoena or other

process or order.   The Receiving Party shall be entitled to comply with the subpoena or other process or order unless the Designating Party has notified the Receiving Party the earlier of (a) fourteen days after receiving notice of the subpoena, or (b) prior to the production date identified in the subpoena or other process or order, that it has filed a motion seeking to modify, quash, or otherwise prevent the disclosure of the information sought.   The Designating Party will thereafter promptly inform the Receiving Party of the court's order on the subject motion so the Receiving Party can promptly comply with the terms of the order.   Notwithstanding the foregoing or anything else in this Order, nothing in this Order shall be construed as requiring or authorizing a party to disobey a lawful subpoena issued in another action.

16.   Entering into, agreeing to, or producing or receiving information designated as "CONFIDENTIAL" or otherwise complying with the terms of this Order shall not:

(a)   operate as an admission by any party that any material designated by another party or non-party actually contains or reflects trade secrets or other confidential information;

(b)   reduce in any way the rights of the parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of documents or materials that they may consider not subject to discovery or privileged from discovery;

(c)   prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, materials, or testimony that is subject to this Order;

(d)   prejudice in any way the rights of any party to seek a determination by the Court as to the appropriateness of a designation; or

(e)   prevent the parties from agreeing to alter or waive the protections or remedies provided in this Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver

is in writing and signed by the parties.   No modification of this Order by the parties shall have the force or effect of a Court order unless the Court approves the modification.

17.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Order.

18.     Nothing contained herein shall preclude a Producing Party or non-party from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.  Nothing contained herein shall preclude a party from using documents, information, or other materials rightfully in its own possession or obtained from sources (other than a Designating Party) who were rightfully in possession of the documents, information, or other materials, regardless of whether such documents, information, or other materials were designated as "CONFIDENTIAL" pursuant to this Order.

19.     After termination of this action other than by trial, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Materials or information contained therein has been communicated or disclosed pursuant to the provisions of this Order.   The Court shall retain continuing jurisdiction to enforce the terms of this Order, subject to enforcement by the Court as may be necessary.  Provided, however, that if this case proceeds to trial, any Designated Materials used at trial will become public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made by the trial judge in advance of the trial.  Accordingly, the terms of this Order do not extend to Designated Materials used at trial.

20.     All Designated Material subject to this Order shall either be destroyed or returned to the Designating Party upon termination of this action, except as

540750.1

provided otherwise herein.   Termination of this action shall be taken and construed as the date ninety (90) days following (a) the filing of a stipulated dismissal with prejudice or the entry of a voluntary dismissal with prejudice; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal.   Upon such termination, counsel of record for the Receiving Party shall notify counsel for the Designating Party of compliance.   Counsel for the Receiving Party shall, upon the termination of this action, request the return of any documents or information subject to this Order from any person to whom such information has been given, and shall notify counsel for the Designating Party any person's refusal to return such information.  Counsel shall be permitted to retain an archival copy of all pleadings, motion or other court papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material.  Any such archival copies remain subject to this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated:  July 8, 2015                    HUESTON HENNIGAN LLP

By:       /s/ John C. Hueston
          John C. Hueston

HUESTON HENNIGAN LLP
John C. Hueston (164921)
jhueston@hueston.com
620 Newport Center Drive, Suite 1300
Newport Beach, California 92660
Telephone:   (949) 229-8640
Facsimile:    (888) 775-0898

540750.1

1                                 MILBANK, TWEED, HADLEY &
MCCLOY LLP

2                                 Mark Shinderman (136644)
mshinderman@milbank.com

3                                 Alan J. Stone (*pro hac vice*)
astone@milbank.com

4                                 Samir L. Vora (253772)
svora@milbank.com

5                                 601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

6                                 Telephone:   (213) 892-4000
Facsimile:   (213) 629-5063

7

8                                 Attorneys for Defendant and
Counter-Plaintiff New Koosharem

9                                 Corporation, and Counter-Plaintiff
Koosharem, LLC[1]

10

11  Dated:  July 8, 2015                BROWNE GEORGE ROSS LLP

12

13                  By:        */s/ Russell F. Wolpert*
                               Russell F. Wolpert

14                                 BROWNE GEORGE ROSS LLP

15                               Eric M. George (166403)
egeorge@bgrfirm.com

16                               Russell F. Wolpert (97975)
rwolpert@bgrfirm.com

17                               Christian K. Wrede (268307)
cwrede@bgrfirm.com

18                               2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067

19                               Telephone:   (310) 274-7100
Facsimile:   (310) 275-5697

20

21                               Attorneys for Plaintiff and
Counter-Defendant D. Stephen Sorensen

22

23

24

25

26

27
_____

[1] All signatories listed, and on whose behalf the filing is submitted, concur in
28  the filing's content and have authorized the filing.

540750.1

Dated:  July 8, 2015

HUANG YBARRA SINGER & MAY LLP

By:      /s/Aaron M. May
            Aaron M. May

HUANG YBARRA SINGER & MAY LLP
Aaron M. May (207751)
aaron.may@hysmlaw.com
Joseph J. Ybarra (218130)
joseph.ybarra@hysmlaw.com
550 South Hope Street, Suite 1850
Los Angeles, California 90071
Telephone:   (213) 884-4900
Facsimile:   (213) 884-4910

Attorneys for Defendant
Anchorage Capital Group LLC

IT IS SO ORDERED.

Dated:  July 10, 2015

_____
Hon. Patrick J. Walsh, Magistrate Judge
United States District Court, Central District of California

540750.1

# **EXHIBIT 1**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on _____, 2015 in the case of Sorensen v. New Koosharem

Corporation, Case No. 2:15-cv-01088 RGK (PJWx).  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I undertake not to disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Exhibit 1 - Acknowledgment And
Agreement To Be Bound.
Case No. 2:15−cv−01088 RGK(PJWx)

540750.1